though imported under the denomination of *raised* bottoms.

'It appears to have been the policy of the United States to distinguish between raw and manufactured copper. From the facts stated, the copper in question cannot be deemed manufactured copper within the intention of the legislature.

The opinion certified to the court below was, that *round copper bottoms turned up at the edge* are *not* liable to the payment of duty within the meaning of the several acts of congress.

———⊕——

## RUSH *v.* PARKER.

———

ERROR to the circuit court of the district of Maryland, in an action of replevin.

This court will give time to procure affidavits as to the value of the matter in dispute.

*I. P. Boyd*, for the defendant in error, contended, that the replevin bond being in the penal sum of 1,200 dollars only, was conclusive evidence that the matter in dispute, exclusive of costs, did not amount to 2,000 dollars, and consequently this court has no jurisdiction in the case.

*Martin*, contra, stated that he did not know till yesterday that this point would be made in the cause, and prayed time to show by affidavits the real value of the matter in dispute. Which.

The court granted.

LIVINGSTON, J. thought that leave ought not to be given, on account of the delay it would produce. He had found a practice established here of receiving such affidavits; but he did not know of any case in which time had been given to produce them; and he would not consent to give it now. The case was

RUSH
v.
PARKER.

brought up to last term. The party ought to have come prepared to support the jurisdiction.

*March* 15.

This being the last day of the term, and no affidavits having been produced,

The writ of error was dismissed, this court having no jurisdiction in the case.

———◈———

## LOGAN *v.* PATRICK.

The circuit court has jurisdiction in a suit in equity, to stay proceedings upon a judgment at law between the same parties, although the subpœna be served upon the defendant out of the district in which the court sits.

THIS was a case certified from the circuit court for the 7th circuit and district of Kentucky, in which the judges below differed in opinion upon the following questions:

Whether the complainant, (Logan,) who is a citizen of the *state of Kentucky,* and *is so stated in the* pleadings, can maintain this suit, in this court, against the defendant, who is a citizen and inhabitant of the state of Virginia, and is so stated in the pleadings, upon the following case: John Patrick obtained in this court a judgment in ejectment against David Logan, who filed a bill in equity against him to be relieved against the judgment, and to compel a conveyance of the land, and obtained an injunction to stay proceedings on the judgment; but the subpœna was not served in the district of Kentucky. Can this court entertain jurisdiction of the cause? If not, does the defendant's answering the bill, without insisting upon the objection that the process was not served upon him in the district of Kentucky, authorize the court to entertain the cause?

THE COURT, upon the first opening of the case,